**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4459
_____

YANPING WENG; QIMOU LIN,
Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency Nos. A078-701-782 and A079-301-793)
Immigration Judge:  Honorable Frederic G. Leeds

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 18, 2010
Before:  SCIRICA, SMITH and WEIS, <u>Circuit</u> <u>Judges</u>
Opinion filed August 24, 2010

_____

OPINION
_____

PER CURIAM

Petitioners Yanping Weng and Qimou Lin, a wife and husband from China,

seek review of the Board of Immigration Appeals' ("BIA") decision upholding the

Immigration Judge's ("IJ") order of removal.  For the following reasons, we will deny the

petition for review.

I

Weng and Lin, Chinese citizens from Fujian Province, met and married in the United States; they have two United States citizen daughters. In 2007, Weng submitted an asylum application to the Department of Homeland Security, with Lin as a derivative applicant. The application was denied and the petitioners were placed in removal proceedings because they had overstayed their visas.

Before the IJ, Weng and Lin conceded removability, but renewed their applications for asylum and also sought withholding of removal and relief under the Convention Against Torture. As grounds for relief, Weng and Lin argued that they feared sterilization and severe economic sanctions upon their return to China for violating the one-child family planning law. Among other evidence, the petitioners submitted: articles indicating that Chinese women who gave birth in Taiwan and Japan were reportedly subjected to forced sterilization procedures when they returned to China; an unauthenticated document dated March 2008 – purportedly issued by Weng's hometown Birth Control Office – explaining Fujian Province's birth control policies; and the 2007 State Department profile on country conditions in China. They also testified that they may have to pay a fine in excess of 30,000 RMB, which the IJ noted amounts to roughly $5000.

The IJ denied relief. As to the sterilization claim, the IJ reasoned that Weng

2

and Lin provided insufficient evidence to demonstrate that Chinese citizens who have two or more children in the United States face sterilization if they return to China. As to the economic persecution claim, the IJ found Weng and Lin to be incredible based on their inconsistent testimony regarding their income and ability to pay any fine they may incur. Alternatively, the IJ reasoned that even if Weng and Lin were credible, they did not demonstrate that any fine they may have to pay would rise to the level of persecution. On appeal, the BIA upheld the IJ's decision on all grounds. This petition for review followed.

II

We have jurisdiction pursuant to 8 U.S.C. § 1252(a). Because the BIA issued its own opinion, we review its decision rather than that of the IJ. See Li v. Att'y Gen., 400 F.3d 157, 162 (3d Cir. 2005). However, we also look to the decision of the IJ to the extent that the BIA deferred to or adopted the IJ's reasoning. See Chavarria v. Gonzalez, 446 F.3d 508, 515 (3d Cir. 2006). We review the Agency's factual determinations for substantial evidence, and will uphold such determinations unless any reasonable adjudicator would be compelled to reach a contrary conclusion. See Fiadjoe v. Att'y Gen., 411 F.3d 135, 153 (3d Cir. 2005).

At the outset, we note that the petitioners do not argue in their opening brief that the adverse credibility determination was erroneous. Therefore, any such challenge is waived. See Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Corp., 26

3

F.3d 375, 398 (3d Cir. 1994). Rather, the petitioners argue that the IJ and BIA erred in concluding that they failed to demonstrate a well-founded fear of sterilization or economic persecution for violating China's one-child policy.

As to their claim regarding forced sterilization, the thrust of the petitioners' argument is that the IJ weighed the evidence inappropriately, and should have given more weight to the unauthenticated Birth Control Office letter and background materials, such as the articles suggesting that Chinese women who give birth in Taiwan and Japan are forcibly sterilized if they return to China. We have repeatedly recognized that State Department reports may constitute substantial evidence, see, e.g., Yu v. Att'y Gen., 513 F.3d 346, 349 (3d Cir. 2008), and have held that the 2007 State Department profile, in particular, indicates that there is no evidence to suggest that overseas Chinese returnees are subject to forced sterilization for giving birth to two children abroad. See Liu v. Att'y Gen., 555 F.3d 145, 149-50 (3d Cir. 2009). The unauthenticated Birth Control Office letter and unverified news reports do not compel us to reach a different conclusion.

Likewise, we agree with the Agency's determination that Weng and Lin failed to demonstrate a well-founded fear of economic persecution. To rise to the level of persecution, an economic sanction must impose a severe economic disadvantage that threatens a person's life or freedom. See Li, 400 F.3d at 168-69. We agree with the Agency that there is insufficient evidence that any fine Weng and Lin may face would rise to that level.

4

Because Weng and Lin were ineligible for asylum, we also agree that they were unable to meet the higher standard applicable to applications for withholding of removal. See Sioe Tjen Wong v. Att'y Gen., 539 F.3d 225, 236-37 (3d Cir. 2008). Nor did they demonstrate eligibility for CAT protection. See Kamara v. Att'y Gen., 420 F.3d 202, 212-13 (3d Cir. 2005).

Accordingly, we will deny the petition for review.